UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBY L. BATES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3094 |
| | § | |
| GE OIL & GAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

### I. INTRODUCTION

Before this Court is the plaintiff's, Ruby L. Bates (the "plaintiff"), motion for judgment on the pleadings or alternative motion for summary judgment. (Dkt. No. 2). In response to the plaintiff's motion, the defendant, GE Oil & Gas, LLC (the "defendant"), has filed a motion to compel arbitration and to dismiss, (Dkt No. 3), to which the plaintiff has filed a response in opposition to (Dkt. No. 7) and the defendant has filed a reply (Dkt. No. 8).[1] After having carefully considered the motions, responses, replies and the applicable law, the Court determines that the motion for judgment on the pleadings or alternative motion for summary judgment should be **DENIED** and the motion to compel arbitration and to dismiss should be **GRANTED in part and DENIED in part**.

### II. BACKGROUND

The plaintiff commenced the instant action against the defendant, her former employer, on September 7, 2017 in the 333rd Judicial District Court of Harris County Texas, alleging unlawful employment practices, including claims for race, age, and disability discrimination and

---

[1] Concurrently with its motion to compel arbitration and to dismiss, the defendant filed objections to the plaintiff's motion for judgment on the pleadings or alternative motion for summary judgment. (*See* Dkt. No. 4). The defendant's objections are overruled.

retaliation, pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, Title I of the Americans with Disabilities Act of 1990, and the Texas Labor Code. (*See* Dkt. No. 1, Exs. A & C). On August 4, 2015, the plaintiff executed an agreement to be bound by the defendant's dispute resolution procedure of which arbitration is a component, referred to as "Solutions-An Alternative Dispute Resolution Procedure." ("Solutions DRP"). (*See* Dkt. No. 3, Ex. A). The Solutions DRP provides that "Covered Claims", namely "all claims that arise or arose out of or are or were related to an employee's employment or cessation of employment", between the defendant and its employees, must be processed pursuant to the terms of the procedure in effect at the time the claim is submitted. (*Id.*, Ex. A at 3 - 4). Specifically, "Covered Claims" within the meaning of the Solutions DRP are defined to include: claims relating to compensation, demotion, promotion or other employment-related actions; claims related to employment discrimination and harassment, premised on factors such as "age, race, sex (including pregnancy), sexual orientation, gender identity or expression, religion, national origin, veteran status, citizenship, handicap/disability, or other characteristic[s] protected by law"; retaliation claims based on an employee's engagement in legally-protected activity; and claims for violations of the procedure mandated by the Solutions DRP. (*Id.*, Ex. A at 5.).

On or about April 7, 2017, the plaintiff requested arbitration of her claims against the defendant. On May 10, 2017, the defendant provided the plaintiff with additional forms to facilitate the arbitration. On June 2, 2017, the plaintiff returned all completed forms to the defendant but to no avail. On July 23, 2017, the plaintiff sent a follow-up email to the defendant stating as follows:

> It has now been nearly two months since I submitted th[e] form. I have heard nothing further. If I have not heard something by the end of this week, we are going to file a suit to compel arbitration. We will be seeking recovery of our costs and attorneys' fees.

(Dkt. No. 2 at App. 4). Shortly thereafter, the plaintiff filed the instant action against the defendant seeking an order compelling arbitration or, alternatively, a declaration from this Court that the defendant has waived arbitration, together with costs and attorneys' fees. On October 13, 2017, the defendant removed the action to this Court on the basis of federal question jurisdiction.

On October 18, 2017, the plaintiff filed a motion for judgment on the pleadings or alternative motion for summary judgment, alleging that since the defendant concedes that her underlying claims are subject to arbitration, she is entitled to a judgment as a matter of law compelling the defendant to arbitrate her employment discrimination claims, together with court costs, as the prevailing party in this lawsuit. The crux of the plaintiff's lawsuit is that she was forced to file this action because the defendant violated the Solutions DRP and refused to arbitrate. As such, the plaintiff maintains that she is entitled to recover the $376.58 state court filing fee she paid to initiate this civil action to enforce the parties' agreement.

On November 8, 2017, the defendant filed a motion to compel arbitration and to dismiss, asserting that this Court should enter an Order compelling the plaintiff to submit her claims to arbitration and dismissing the instant lawsuit with prejudice. (Dkt. No. 3). Simultaneously therewith, the defendant filed an objection to the plaintiff's motion for judgment on the pleadings or alternative motion for summary judgment, contending that adjudication of the plaintiff's principal claim in this lawsuit—that the defendant has violated the Solutions DRP—must be submitted for resolution to arbitration. (Dkt. No. 4). The plaintiff has filed a response in opposition to the defendant's motion to compel, essentially asserting that the defendant's gamesmanship should not be rewarded. This Court agrees.

When determining whether to compel arbitration, a court must first ascertain whether the parties agreed to arbitrate the dispute in question. *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 293 (5th Cir. 2005) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). In order to make the aforementioned assessment, the court must consider two questions: (1) whether a valid arbitration agreement exists between the parties; and (2) whether the parties' dispute falls within the scope of that agreement. *Safer*, 422 F.3d at 293 - 94 (internal citations omitted). Any doubts regarding the scope of coverage of an arbitration clause within the parties' agreement must be resolved in favor of arbitration. *See Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (internal citations omitted). To this end, the Fifth Circuit has "held that arbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (quoting *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th Cir. 1984); *Wick v. Atlantic Marine*, 605 F.2d 166, 168 (5th Cir. 1979)).

In the matter now before the Court, it is beyond dispute that the parties have agreed to arbitrate the matters at issue in this case and neither party disputes that it is a party to a valid agreement providing for the same. Further, the plaintiff's claims are not of the type that are otherwise precluded from arbitration. As such, both the Solutions DRP and applicable case law mandate that the matters for which the plaintiff now complains should properly be determined in accordance with the procedures authorized by the Solutions DRP, not this Court. Accordingly, based on the foregoing discussion, this Court hereby **ORDERS** as follows:

1. The plaintiff's motion for judgment on the pleadings or alternative motion for summary judgment is **DENIED**;

2. The defendant's motion to compel arbitration and to dismiss is **GRANTED in part and DENIED in part**;

3. The plaintiff is hereby awarded court costs in the amount of $376.58 for having to commence the instant action to enforce the parties' agreement. This sum is to be paid within 10 days of the date of this Order;

4. This case is **STAYED** pursuant to 9 U.S.C. § 3, pending the completion of arbitration proceedings. This Court hereby retains jurisdiction to enforce the arbitration award, if appropriate;

5. The Clerk is directed to administratively **CLOSE** this case pending arbitration; and

6. All pending motions, if any, are hereby **DENIED** as moot.

It is so **ORDERED**.

SIGNED on this 14th day of December, 2017.

_____
Kenneth M. Hoyt
United States District Judge